DeJoseph, J.
(dissenting). I respectfully dissent because I cannot agree with the majority’s conclusion that the indictment was not time-barred.
During the time period relevant herein, CPL 30.10 (3) (e) provided that “[a] prosecution for course of sexual conduct in the first degree as defined in [Penal Law § 130.75] . . . may be commenced within five years of the commission of the most recent act of sexual conduct.” CPL 30.10 (3) (f), on the other hand, provided that, “[flor purposes of a prosecution involving a sexual offense as defined in [Penal Law article 130] committed against a child less than eighteen years of age, . . . the period of limitation shall not begin to run until the child has reached the age of eighteen or the offense is reported to a law enforcement agency or statewide central register of child abuse and maltreatment, whichever occurs earlier.” The majority ap *1450 pears to conclude that paragraph (e) established the applicable statute of limitations for the offense of course of sexual conduct against a child in the first degree (Penal Law § 130.75), while paragraph (f) tolled the statute of limitations for all sex offenses as defined in article 130 committed against minors and, because course of sexual conduct is an article 130 offense, the paragraph (f) tolling provision must apply. I disagree.
In my view, the majority’s interpretation of these two paragraphs fails to apply any true meaning to paragraph (e) and I therefore must agree with the defendant that, if CPL 30.10 (3) (f) were applicable to all article 130 offenses, CPL 30.10 (3) (e) would be rendered “superfluous and ineffective.” I find no basis to interpret these statutes any differently, inasmuch as it is well recognized that general provisions of the CPL (i.e., paragraph [f]) should not override specific provisions of the CPL (i.e., para [e]) (see e.g. People v Jackson, 87 NY2d 782, 790 [1996]).
Furthermore, the majority’s reliance on People v Quinto (18 NY3d 409 [2012]) is misplaced. Quinto simply addresses the “triggering” event contemplated by paragraph (f) and does not discuss the interplay of the two paragraphs at issue here (see id. at 412). Paragraphs (e) and (f) were enacted as part of the same legislative package in 1996 (L 1996, ch 122, § 1). Paragraph (e) remained the same until 2006 when reference to, inter alia, “course of sexual conduct in the first degree” was removed from paragraph (e) and CPL 30.10 (2) (a) was amended to read that a prosecution for “course of sexual conduct against a child in the first degree as defined in [Penal Law § 130.75] may be commenced at any time” (L 2006, ch 3, § 2). In my view, if the legislature intended the tolling provision of paragraph (f) to apply to course of sexual conduct against a child in the first degree (Penal Law § 130.75), it would not have simultaneously enacted paragraph (e), with its specific requirement of a five-year limitation period.
In view of the foregoing, I would reverse the judgment and dismiss the indictment as time-barred.
Present — Centra, J.P, Peradotto, Carni, Sconiers and DeJoseph, JJ.